UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD P. HOBBS,

                        Plaintiff,

        -against-

POLICE OFFICER EVANS OF AMTRAK IN
PENN STATION; WELLS FARGO BANK;
AMTRAK CO.,

                        Defendants.

20-CV-514 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, appearing *pro se*, brings this action alleging that Defendants violated his rights.

By order dated January 22, 2020, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis*.

### STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original).

# BACKGROUND

Plaintiff Richard Hobbs is currently homeless and uses a wheelchair. (ECF 2, at 1.) In December 2019 or January 2020, while Plaintiff was in Penn Station, someone gave him a $20.00 bill. Plaintiff "went to put it into the ATM machine across from the Crusty Creme donut shop of Pen[n] Station NYC." (*Id.*)

An individual, who "seemed to be homeless, came up to [Plaintiff] and asked [Plaintiff] for money while [he] was using [the ATM] machine." (*Id.*) Plaintiff declined, but the individual grabbed the money out of Plaintiff's hand and pulled him off of his wheelchair. (*Id.*) Plaintiff was "in shock." (*Id.*) Four passersby helped Plaintiff to get back into his wheelchair.

Nearby, Police Officer Evans was banging on the wall near the ATM to wake up someone who was sleeping. Plaintiff called out to get the police officer's attention but got no response. When Officer Evans finally responded, Plaintiff told him that he had been mugged. (*Id.*) Officer Evans was unprofessional, telling Plaintiff that he had not been mugged and refusing to file a police report.

Plaintiff then saw the individual who had taken Plaintiff's money use the money to buy illegal drugs from two "homeless seeming persons sitting on the floor." (*Id.*) More than once, Plaintiff has observed individuals buying illegal drugs and has "said something to [police officers to] no avail. Police are paid to enforce the law but they did not do it." (*Id.*) Plaintiff contends that police officers "have a culture of not helping the public." (*Id.*) He asserts that Police Officer Evans violated his civil rights.

# DISCUSSION

The government generally has no duty under the Fourteenth Amendment to protect an individual against harm from other private citizens. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989) ("[A] State's failure to protect an individual against

private violence simply does not constitute a violation of the Due Process Clause."). The Second Circuit has recognized two exceptions to this general rule. First, "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Id.* at 200. This affirmative duty to protect arises "not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf." *Id.*

Second, the government may assume some obligation when it affirmatively creates or increases the danger. *See Dwares v. City of N.Y.*, 985 F.2d 94, 98-99 (2d Cir. 1993). "The cases where the state-created danger theory was applied were based on discrete, grossly reckless acts committed by the state or state actors leaving a discrete plaintiff vulnerable to a foreseeable injury." *Clarke v. Sweeney*, 312 F. Supp. 2d 277, 291 (S.D.N.Y. Mar. 30, 2004). The state-created danger doctrine generally applies where state actors facilitate harm, such as "where police officers told skinheads that they would not prevent them from beating up protesters in the park . . . [or] where a prison guard told inmates that it was 'open season' on a prisoner, and the inmates beat up the prisoner." *Matican v. City of N.Y.*, 524 F.3d 151, 155 (2d Cir. 2008).

Plaintiff's allegations do not show that the government actively created or increased the danger to him. *See, e.g.*, *Deshaney*, 489 U.S. at 193 (rejecting arguments that the Department of Social Services was liable under the Due Process Clause where it knew or should have known of the danger a child faced from his abusive father); *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005) (An individual generally does not have an interest protected by the Due Process Clause in having "someone else arrested for a crime."). Plaintiff's allegations that Police

Officer Evans refused to take a police report from him thus fail to state a claim on which relief can be granted.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines, under 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction over any state law claims that Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 3, 2020
     New York, New York

                                       COLLEEN McMAHON
                       Chief United States District Judge